UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. SHOEMAKER,<br><br>        Plaintiff,<br><br>  v.<br><br>THE COUNTY OF GLENN; THE GLENN COUNTY BOARD OF SUPERVISORS; DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:10-CV-01625 JAM-KJN<br><br>ORDER GRANTING COUNTY OF GLENN'S MOTION TO DISMISS |

This matter comes before the Court on Defendant County of Glenn's ("County") Motion to Dismiss (Doc. 8). County asks the Court to dismiss the Complaint (Doc. 1) filed by Plaintiff David J. Shoemaker ("Plaintiff"). Plaintiff opposes the motion.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2005, Plaintiff signed the Employment Agreement For the Position of Glenn County Administrative Officer (Plaintiff Exhibit A). Plaintiff alleges that he was to remain in the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 3, 2010.

1

"exclusive employ" of the Glenn County Board of Supervisors ("Board"), until January 1, 2007.  Plaintiff alleges that an amendment to the Employment Agreement extended Plaintiff's employment to January 1, 2011 (Plaintiff Exhibit B).

The Complaint alleges that on August 18, 2009, County notified Plaintiff that the employment extension was "invalid" and that Plaintiff's employment would end on January 1, 2010, one year prior to the contractual expiration date.

Plaintiff alleges that he was deprived of one year's salary of $115,424.40 plus other expenses, costs, and fees.

Plaintiff alleges that he was given no notice of any charges against him, nor given the opportunity to present any evidence regarding his competency to perform the duties required by his employment contract.

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that because the County and the Board breached the Employment Agreement, they deprived him of his property without due process in violation of the Fourteenth Amendment.

## II.  OPINION

A.   Legal Standard

1.   Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other

grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

    2.   Section 1983

Plaintiff's claims against Defendant are brought under 42 U.S.C. § 1983.  To prevail in a § 1983 civil action against state actors for the deprivation of rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that

> (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States."

3

Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

### B. Claims for Relief

County asks the Court to review Plaintiff's employment contract, which was attached to the Complaint, to find that Plaintiff was an "at will" employee whose termination was proper and who therefore was not unconstitutionally deprived of a property interest.  Plaintiff argues that the contract is unclear and ambiguous and should be interpreted against the party who caused the uncertainty to exist.  He further argues that 42 U.S.C. § 1983 applies to contracts and that he is entitled to due process when being deprived of his property interest.

#### 1. Review of the Employment Agreement

Generally, a district court may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  Hal Roach Studios, Inc. v. Richard Finer & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  However, "material which is properly submitted as part of the complaint may be considered." Id. Accordingly, the Court has reviewed Plaintiff's Exhibit A and Plaintiff's Exhibit B.

"Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous." Bedrosian v. Tenet Healthcare Corp., 2000 WL 206633, at *1 (9th Cir. 2000); citing Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 209-12 (9th Cir. 1957).

///
///

The Court has carefully considered both exhibits and found that Plaintiff is clearly an at will employee who can be terminated without cause as long as he is given 120 days notice as evidenced by the following contract provisions:

- Section 2B: "Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of the Board of Supervisors to terminate the services of David J. Shoemaker *at any time*, subject only to the provision set forth in Section 3 of this Agreement."  (Emphasis added).
- Section 3A: "The County Administrative Officer serves *at the will* of the Board of Supervisors."  (Emphasis added).
- Section 3A.2, under the heading "Non-Renewal of Contract or Termination Without Cause": "If the Board of Supervisors determines *at any time not to renew or continue* David J. Shoemaker's contract, the Board of Supervisors will give David J. Shoemaker *120 days notice*."  (Emphasis added).

The Court finds that the contract is unambiguous that Plaintiff is an at will employee.  Though the Board extended Plaintiff's contract to January 2011, that extension does not alter Plaintiff's at will status.

Aside from the broad claim that the Agreement is unclear, Plaintiff does not point to any inconsistencies or ambiguities in the Employment Agreement.[2]

---

[2] Plaintiff also argues because the County entered into his employment contract after passing Ordinance 1172, which limits the term of the County Administrative Officer to three years, the

        2.   <u>Constitutionally Protected Property Interest</u>

Plaintiff, as an at will employee, has no constitutionally protected property interest in continued employment. "A public employee serving at the pleasure of the appointing authority . . . [can be] subject to removal without judicially cognizable good cause." <u>Bogacki v. Board of Supervisors</u>, 5 Cal.3d 771, 783 (Cal. 1971); <u>see also</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564 (1972) (holding that an assistant professor at a state university had no property interest protected by the Fourteenth Amendment that was sufficient to require university authorities to give him a hearing when they declined to renew his contract of employment). Accordingly, Plaintiff fails to state a claim based on 42 U.S.C. § 1983 because he has not been deprived of a constitutional right.

        3.   <u>Termination Procedure</u>

County did not breach the Employment Agreement because it followed proper termination procedures. The Complaint avers that County gave Plaintiff notice on August 18, 2009 that he would be terminated on January 1, 2010. Thus, Plaintiff received more than 120 days notice of his impending termination and the County properly ended his employment.

///
///
///

---

ordinance's time limit is waived because the County approved an extension to Plaintiff's contract, which Plaintiff himself introduced. This argument is without merit. The ordinance does not change Plaintiff's status as an at will employee and based on the facts in this case, Plaintiff is now trying to take advantage of his own error in proposing an extension to his term of office that was not authorized by the County Code that created his own office.

///

## III. ORDER

For the reasons set forth above,

County's Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   November 22, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7